IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JENNIFER M. OSTERMILLER, | CV 19-00009-BLG-BMM-JTJ |
| Plaintiffs, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CVS PHARMACY, HALEY REICHENBACH, BILLINGS POLICE DEPARTMENT, C/O STEVEN GEARTNER, and CORY KIRKPATRICK, | |
| Defendants. | |

Plaintiff Jennifer Ostermiller submitted a motion to proceed in forma pauperis, a proposed Complaint alleging Defendants violated her rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and a motion for discovery.  (Docs. 1, 2, 7.)  The motion to proceed in forma pauperis will be granted, the motion for discovery will be denied. Defendants CVS Pharmacy and Haley Reichenbach and Ms. Ostermiller's claims regarding the search of her person on December 13, 2016 at the DUI-Center during which marijuana was found on her person will be recommended for dismissal.  Defendants Chief St. John, Steven Gaertner, Cory Kirkpatrick, and

1

Officer Ihde will be required to file a response to the Complaint.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Ms. Ostermiller's Motion to Proceed in Forma Pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a).  (Doc. 1.)  The request to proceed in forma pauperis will be granted.

## II.  ALLEGATIONS

On December 13, 2016, Ms. Ostermiller was involved in an automobile accident.  She contends she suffered injuries to her head, neck, and back and was briefly knocked unconscious.  911 was called and Billings Police Department Officer Cory Kirkpatrick responded.  Ms. Ostermiller alleges that Officer Kirkpatrick noted upon arrival that Ms. Ostermiller was not at fault and Ms. Ostermiller exhibited no signs of drug, alcohol or any physical impairment.

Ms. Ostermiller alleges Defendant Haley Reichenbach, an employee of CVS, called 911 to report the accident and reported that this was a hit and run accident that involved a fourth car that fled the scene.

Officer Steven Gaertner then arrived at the scene and spoke to the driver of the other car and Ms. Reichenbach.  The driver of the other car stated that she had a green light which Ms. Ostermiller alleges Officers Geartner and Kirkpatrick knew was untrue at the time Ms. Ostermiller was arrested.  Ms. Ostermiller alleges

that Ms. Reichenbach, in violation of Ms. Ostermiller's rights, told the officers that Ms. Ostermiller was prescribed heavy doses of pain medication and other private medical information. According to Ms. Ostermiller, this led the officers to believe that Ms. Ostermiller was under the influence of prescription drugs, that she was responsible for the accident, and that she had been smoking marijuana. Ms. Ostermiller was then searched by Officer Kirkpatrick and placed in the back of Officer Gaertner's vehicle.

Ms. Ostermiller alleges she was afforded no medical care, treatment or evaluation. She contends she was taken to the Yellowstone County Detention DUI Center where she was compelled to give four test tubes of blood, charged with aggravated DUI per prescription, and taken into a dark room off camera and sexually assaulted by Officer Ihde. She alleges that after she was charged and booked for aggravated DUI, she was searched, and found to be in possession of marijuana. The charge was then amended to DUI-marijuana after the marijuana was found. (Complaint, Doc. 2 at 14-15.)

Ms. Ostermiller alleges that during these incidents she was wearing only a halter top, a wind jacket, capri jeans and boots without socks. She claims the average temperature was four degrees and her temperature was two degrees above hypothermia when her temperature was taken at the DUI Center. (Complaint,

Doc. 2 at 14-15.)

She claims that Officer Ihde, in an attempt to compel Ms. Ostermiller to remain silent about the sexual assault, told her it was up to him whether or not she would be charged and that he could keep her even though she repeatedly advised him that her children (ages 9 and 10) were home alone.  (Complaint, Doc. 2 at 16.)

Ms. Ostermiller contends that the alleged marijuana was not tested until December 14, 2017 a year later by the police officer whom Ms. Ostermiller had filed numerous complaints against for racial profiling.  On January 25, 2017, the blood test results were returned and according to Ms. Ostermiller the tests indicated that she was not under the influence of any prohibited level of any substance.  (Complaint, Doc. 2 at 16.)

Ms. Ostermiller alleges the DUI charge was dismissed on September 26, 2017.  (Complaint, Doc. 2 at 22.)  According to the documents filed in support of the Complaint, the City of Billings moved to dismiss the DUI charge on September 26, 2017 but the Municipal Court Judge did not sign the Order dismissing that charge until November 1, 2017.  (Doc. 11 at 18.)

She contends Officer Kirkpatrick changed his initial police report from saying that Ms. Ostermiller had the right of way to state that she did not have the right of way.  (Complaint, Doc. 2 at 18.)  She claims this change was made after

she filed a complaint of racial profiling on Officer Gaertner.  She claims she made

these complaints on May 23, 2017 and June 27, 2017.  She filed these complaints

with the Chief of Police Rich St. John on July 20, 2017.

Attached to the Complaint, is a March 11, 2019 Order from Montana state

district court affirming Ms. Ostermiller's conviction for possession of dangerous

drugs arising out of the incident on December 28, 2016.  (Doc. 8-1 at 1-9.)

## III.  SCREENING PURSUANT TO 28 U.S.C. § 1915

### A.  Standard

Ms. Ostermiller is proceeding in forma pauperis so the Court must review

her Complaint under 28 U.S.C. § 1915 which requires dismissal of a complaint

filed in forma pauperis before it is served if it is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  A complaint is frivolous if it "lacks an

arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).  "A case is malicious if it was filed with the intention or desire to harm

another."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint

fails to state a claim upon which relief may be granted if a plaintiff fails to allege

the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (quotation omitted).

5

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the

6

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

#### 1. CVS Pharmacy and Haley Reichenbach

A plaintiff seeking to state a claim for a violation of her constitutional rights may do so pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured in an action at law, suit in equity, or other proper
proceeding for redress . . .

42 U.S.C. § 1983.  To plead a Section 1983 violation, a plaintiff must allege facts

from which it may be inferred that (1) a constitutional right was deprived, and (2)

a person who committed the alleged violation acted under color of state law.  *West*

*v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir.

1976).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach

merely private conduct, no matter how discriminatory or wrongful."  *American*

*Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted).

"Private parties are not generally acting under state law."  *Price v. Hawaii*, 939

F.2d 702, 707–08 (9th Cir. 1991).  A person only acts under color of state law if

he or she "exercise[s] power 'possessed by virtue of state law and made possible

only because the wrongdoer is clothed with the authority of state law.'"  *West*, 487

U.S. at 49 (*quoting United States v. Classic*, 313 U.S. 299, 326 (1941)).

The Court begins with the presumption that private conduct does not

constitute state action.  *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826,

835 (9th Cir. 1999).  Therefore, the burden is on the individual alleging that a

private party infringed her constitutional rights to plead and show that the private

party's conduct constitutes state action.  *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996).  "Constitutional standards should be invoked only 'when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.'"  *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (*citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (quotations omitted)).

A private party may act under color of state law when:  (1) performing a traditionally and exclusive public function; (2) acting jointly with the state government; (3) acting under governmental compulsion or coercion; and (4) there is a governmental nexus.  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Additionally, a "private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights."  *Tower v. Glover*, 467 U.S. 914, 920 (1984) (citation omitted).  These factors are not exclusive, but "[s]atisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists."  *Kirtley*, 326 F.3d at 1092.  The central question is whether the alleged violation of constitutional rights is fairly attributable to state government.  *Id.* at 1096.

Ms. Ostermiller alleges Officers Geartner and Kirkpatrick acted in concert with Defendant CVS Pharmacy and Haley Reichenbach to deprive Ms. Ostermiller

of her rights protected by the United States Constitution.  The Ninth Circuit, however, has expressly held that "merely complaining to the police does not convert a private party into a state actor. . . . [n]or is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989).  In fact, courts have repeatedly held that a private citizen does not become a "state actor" under Section 1983 by making a complaint to the police. *See, e.g., Collins*, 878 F.2d at 1155; *Davis v. Union Nat'l Bank*, 46 F.3d 24, 25–26 (7th Cir. 1994); *Arnold v. IBM*, 637 F.2d 1350, 1357–58 (9th Cir. 1981).

These holdings includes cases in which a Section 1983 plaintiff maintained that a private citizen had made false allegations to the police.  For instance, in *Peng v. Penghu*, 335 F.3d 970 (9th Cir. 2003), the plaintiff sought to bring a Section 1983 suit against his sister and her son based on allegations that they had given false statements to a deputy, which caused plaintiff's arrest.  *Id.* at 972.  The district court dismissed the claims against the sister and her son because the plaintiff had not demonstrated that they were state actors, and the Ninth Circuit affirmed this dismissal.  *Id*. at 980.

The Court therefore finds that Ms. Ostermiller has failed to allege that Defendants CVS and Reichbach are state actors, a necessary prerequisite for

Section 1983 liability. The court further finds that under none of the four tests articulated above can Ms. Ostermiller state that these Defendants acted under color of state law.  Ms. Ostermiller has not sufficiently alleged that Defendants CVS or Reichbach were state actors under section 1983 or that their conduct constituted state action.  Defendants CVS and Reichbach should be dismissed.

### 2.  Marijuana Search

Ms. Ostermiller cannot bring any claim regarding the search of her person at the DUI Center which resulted in finding the marijuana for which she was convicted because any such claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated.  *Id.* at 486–87; *see also Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir.2005) (en banc) ("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.' " (citation omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or

11

sentence." *Smith*, 394 F.3d at 695 (*quoting Heck*, 512 U.S. at 487).

In support of her Complaint, Ms. Ostermiller has filed a March 11, 2019 Order from Judge Harris affirming her conviction for criminal possession of dangerous drugs arising from the marijuana located on her person on December 13, 2016. (Doc. 8-1 at 1-9.) There is no indication that this conviction has been declared invalid or overturned. As such, any claims arising from that search, the discovery of the marijuana, and/or the criminal possession of dangerous drugs prosecution would necessarily imply the invalidity of that sentence and are therefore barred by *Heck*.

## IV. CONCLUSION

The Court concludes dismissal of Ms. Ostermiller's claims against Defendants Chief St. John, Steven Gaertner, Cory Kirkpatrick, and Officer Ihde is not appropriate at this time. The Court will require these Defendants to make an appearance on Ms. Ostermiller's claims. Defendants CVS Pharmacy and Haley Reichenbach and Ms. Ostermiller's claims regarding the search of her person on December 13, 2016 at the DUI-Center during which marijuana was found on her person will be recommended for dismissal.

The motion for discovery (Doc. 7) will be denied. Pursuant to Local Rule 26.1(d), "in actions brought without counsel, no party may begin discovery until a

scheduling order has been issued."  A scheduling order will be issued after

Defendants have filed an Answer.  No discovery may be conducted until after that

scheduling order has been issued.

The Court also notes that Ms. Ostermiller has filed almost 500 pages in

support of her Complaint.  (Docs. 2, 8, 11, 12.)  A number of these documents

contain information relating to Ms. Ostermiller's children.  As Ms. Ostermiller

was advised in the Court's January 29, 2019 Notice of Case Opening (Doc. 3),

Federal Rule of Civil Procedure 5.2 prohibits litigants in non-habeas

proceedings from submitting documents to the Court which contain certain

personal information.  Social security numbers, taxpayer identification numbers,

and financial account numbers must include only the last four digits (e.g.,

xxx-xx-5271, xx-xxx5271, xxxxxxxx3567); birth dates must include only the year

of birth (e.g., xx/xx/2001); and names of persons under the age of 18 must include

only initials (e.g., L.K.).

The documents Ms. Ostermiller submits to the Court for filing are on a

public docket available on the internet.  Ms. Ostermiller's latest filing dealt almost

exclusively with issues dealing with the custody of her minor children.  Out of an

abundance of caution the Court has directed the Clerk of Court to seal these

documents.  Ms. Ostermiller is reminded that it is her responsibility to abide by the

privacy protections set forth above.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Ms. Ostermiller's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.  The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED."  The Complaint is deemed filed on January 28, 2019.

2.  Ms. Ostermiller's Motion for Discovery (Doc. 7) is DENIED.

3.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants St. John, Gaertner, Kirkpatrick, and Ihde to waive service of summons of Ms. Ostermiller's Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[1]  The Waivers must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**.  If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

--------

[1]Defendants recommended for dismissal need not respond at this time.

14

4. The Clerk of Court shall forward the documents listed below to

Defendants St. John, Gaertner, Kirkpatrick and Ihde:

* Complaint (Doc. 2);[2]
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for Defendants must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed.  See D. Mont. L.R.

12.2.

5. Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to

give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information presented in

letter form.

6. Ms. Ostermiller <u>shall not</u> make any motion for default until at least 70

days after the date of this Order.

7. Pursuant to Local 26.1(d) "no party may begin discovery until a

---

[2]Ms. Ostermiller has filed a number of other exhibits which are available on CM/ECF.

scheduling order has been issued."

8.  At all times during the pendency of this action, Ms. Ostermiller must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Defendants CVS Pharmacy and Haley Reichenbach should be DISMISSED.

2.  Ms. Ostermiller's claims regarding the search of her person on December 13, 2016 at the DUI-Center during which marijuana was found on her person should be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Ostermiller may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district

---

[3]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of July, 2019.


    */s/ John Johnston*
John Johnston
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JENNIFER M. OSTERMILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>CVS PHARMACY, HALEY REICHENBACH, BILLINGS POLICE DEPARTMENT, C/O STEVEN GEARTNER, and CORY KIRKPATRICK,<br><br>Defendants. | CV 19-00009-BLG-BMM-JTJ<br><br>RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |

TO:   Chief Rich St. John
      Billings Police Department
      220 North 27th Street
      Billings, MT 59101

      Officer Steven Gaertner, #0456
      Billings Police Department
      220 North 27th Street
      Billings, MT 59101

      Officer Cody Kirkpatrick, #0392
      Billings Police Department
      220 North 27th Street
      Billings, MT 59101

Officer Ihde, #0316
Billings Police Department
220 North 27th Street
Billings, MT 59101

Billings City Attorney
210 N. 27th Street
Billings, MT 59101

A lawsuit has been filed against you or individuals/entities you may

represent in this Court under the number shown above.  A copy of the Complaint

1

(Doc. 2) is attached.  This is not a summons or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on Defendants and they will have 60 days from the date this notice is sent (see the date below) to answer the Complaint.  If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve the summons and Complaint on Defendants and may impose the full costs of such service.  Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 10th day of July, 2019.


     /s/ John Johnston
John Johnston
United States Magistrate Judge


2

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JENNIFER M. OSTERMILLER, | CV 19-00009-BLG-BMM-JTJ |
| Plaintiffs, | |
| vs. | RULE 4 WAIVER OF SERVICE OF SUMMONS |
| CVS PHARMACY, HALEY REICHENBACH, BILLINGS POLICE DEPARTMENT, C/O STEVEN GEARTNER, and CORY KIRKPATRICK, | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Complaint (Doc. 2).  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____.

1

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2