IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JENNIFER M. OSTERMILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>C/O STEVEN GEARTNER, CORY KIRKPATRICK, OFFICER IHDE, and RICH ST. JOHN,<br><br>Defendants. | CV 19-00009-BLG-BMM-JTJ<br><br><br><br>ORDER |

The Court issued a Scheduling Order on September 13, 2019 requiring the parties to file initial disclosure statements and to exchange documents which may be used in proving or denying any party's claims or defenses within 60 days. (Doc. 32 at 1-3, ¶¶ I(A), (B).) Ms. Ostermiller did not timely file a disclosure statement. On December 13, 2019 at 9:02 a.m., the Court entered an Order requiring Ms. Ostermiller to file this statement on or before January 10, 2020. The Court advised Ms. Ostermiller that if she failed to comply, the case would be recommended for dismissal for failure to comply with a court order. (Doc. 40.)

On that same day (December 13, 2019 at 11:54 a.m.), Ms. Ostermiller filed a document entitled "Motion to File 'Extiention [sic] of Time' to file per schedualing [sic] order due dec 13th 2019" in which she requested "thru the 16tth day of December, 2019 to address 'ANSWER' per schedualing [sic] order to be filed on

1

the 13th day of December 2019, due to issue arising with plaintiff's access to electronic service." (Doc. 41.)

The Court issued an Order on December 30, 2019 denying the motion for extension as moot and reiterating that per the December 13, 2019 Order, Ms. Ostermiller had until January 10, 2020 to meet the disclosure requirements set forth in the Court's September 13, 2019 Scheduling Order.  Ms. Ostermiller was again reminded if she failed to comply with these obligations on or before January 10, 2020, the Court would recommend that this matter be dismissed for failure to comply with a court order.  (Doc. 42.)

Ms. Ostermiller did not respond, and she has not met disclosure obligations as required by the Court's September 13, 2019 Scheduling Order, the December 13, 2019 Order, and the December 30, 2019 Order.

On February 5, 2020, Defendant Ihde filed a "Motion for Order Requiring Attendance at Deposition upon Reasonable Notice Through ECF and Advising of Penalty for Non-Compliance." (Doc. 43.)  Defendant Ihde indicated that Ms. Ostermiller has not complied with the Court's disclosure deadlines and she failed to attend her properly scheduled deposition.  She did, however, call counsel on the day of the deposition to advise that she would not attend the deposition because of car trouble.  (Doc. 44 at 2.)

Defendant Ihde requests an order allowing him to file a request for a deposition date with the Court and requiring Ms. Ostermiller to provide a response within seven days. But the Court is more concerned with Ms. Ostermiller's failure to comply with the Court's Orders dated September 13, 2019 (Doc. 32), December 13, 2019 (Doc. 40), and December 30, 2019 (Doc. 42). Ms. Ostermiller has been advised on three occasions that if she did not file her disclosure statement, the Court would recommend that this matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court will not tolerate her blatant refusal to comply with its orders.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Discovery is set to expire in this case in a couple of weeks and yet Ms. Ostermiller has not even complied with her initial disclosure obligations imposed four months ago. This failure along with her failure to attend her properly scheduled deposition will necessarily postpone the expeditious resolution of this case. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . .." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Ms. Ostermiller refuses to comply with Court imposed deadlines. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's

actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Ms. Ostermiller's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id*. Ms. Ostermiller was made aware of her disclosure obligations in the Court's Order of September 13, 2019, December 13, 2019, and December 30, 2019. (Docs. 32, 40, 42). 13, 20.) Ms. Ostermiller did not respond. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's orders.

Based upon the foregoing, the Court issues the following:

## ORDER

In light of the recommendations set forth below, Defendants' Motion for Order Requiring Attendance at Deposition upon Reasonable Notice (Doc. 43) is DENIED WITHOUT PREJUDICE and subject to renewal.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen days after service (mailing) hereof. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of February, 2020.

                                      */s/ John Johnston*
                                      John Johnston
                                      United States Magistrate Judge